UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNA LATHROP, suing individually and :
as the mother and next friend of her minor :
son, OSBORNE ALONZO TATE, JR. :
    Plaintiffs, :
     :
v. :     CIVIL NO. 3:02-CV-01473 (EBB)
     :
J.E. HOWELL, OFFICER DALTON, :
SERGEANT EPPS & LIEUTENANT :
MINARDI :
    Defendants. :     JUNE 22, 2006

## DEFENDANTS' TRIAL MEMORANDUM

1.     <u>TRIAL COUNSEL:</u>

    Plaintiff:                John R. Williams, Esq.
                          51 Elm Street
                          New Haven, CT 06510
                          Phone: 203-562-9931
                          Fax:  203-776-9494
                          Federal Bar No. ct00215
                          E-Mail: jrw@johnrwilliams.com

    Defendants:            Jonathan H. Beamon
                          Assistant Corporation Counsel
                          City of New Haven
                          Office of Corporation Counsel
                          165 Church Street
                          New Haven, CT 06510

Tel. No. (203) 946-7958
Fax No. (203) 946-7942
Federal Bar No #ct22937
E-mail: jbeamon@newhavenct.net

2.   **JURISDICTION:**

Jurisdiction of the Court is invoked under 42 U.S.C. §1983.

3.   **JURY/NON-JURY:**

This case is to be tried to the jury.

4.   **LENGTH OF TRIAL:**

One to two days of trial time.  The defendant requests that no opening statements be allowed.

5.   **FURTHER PROCEEDINGS:**

The parties do not presently anticipate further proceedings.

6.   **NATURE OF CASE:**

The plaintiff claims he was falsely arrested, maliciously prosecuted and was subject to an unreasonable amount of force at the hands of the defendant police officers on or about September 19, 2001 in New Haven, Connecticut.   All of the defendants were acting in their official capacities but are sued only in their individual capacities.  During all times mentioned in plaintiff's Complaint, the defendants were acting under color of law,

that is, under color of the constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of New Haven.

7.    **PLAINTIFF'S CONTENTIONS:**

The plaintiff claims he was falsely arrested, maliciously prosecuted and was subject to an unreasonable amount of force at the hands of the defendant police officers Minardi, Epps, Howell and Dalton. The plaintiff also claims the defendants intentionally inflicted emotional distress upon him.

8.    **DEFENDANTS' CONTENTIONS:**

The individual defendants deny the material allegations of the plaintiffs' complaint which allege they acted with deliberate indifference to the plaintiff's rights. First, the defendants assert that they had probable cause to arrest the plaintiff. Second, the defendants were governmental employees whose actions were discretionary, and their actions did not violate any of the plaintiff's clearly established rights under the Constitutional and laws of the United States and it was objectively reasonable for them to believe that their actions were not unlawful. Third, the defendants deny using excessive force and deny acting in an extreme and outrageous manner.

9.    **LEGAL ISSUES**:

A.    Was there probable cause to arrest the plaintiff?

     B.      Was the plaintiff subjected to an unreasonable amount of force?

     C.      Are the defendants entitled to qualified immunity for their actions in this case?

**10.**    <u>**TRIAL BY MAGISTRATE JUDGE:**</u>

The defendants do not agree to trial by a Magistrate Judge.

**11.**    <u>**LIST OF WITNESSES:**</u>

Plaintiff's Witnesses:

     a)      Osborn Alonzo Tate, New Haven, CT. He will testify concerning all of the allegations of the complaint.

     b)      Donna Lathrop, New Haven, CT. She will testify as a witness to the events alleged in the plaintiff's complaint.

Defendants' Witnesses:

     a)      John Minardi, One Union Avenue, New Haven, CT 06519. Former Lieutenant Minardi will testify as to his knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

     b)      James Howell, One Union Avenue, New Haven, CT 06519. Officer Howell will testify as to his knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

c)      John Dalton, One Union Avenue, New Haven, CT 06519.   Officer Dalton will testify as to his knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

d)      Whitney Epps, One Union Avenue, New Haven, CT 06519.  Former Sergeant Epps will testify as to his knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

The defendants reserve the right to call any of the plaintiff's witnesses.

12.    **EXHIBITS:**

Defendants' Exhibits:

1.      Police Report dated September 19, 2001.

The parties reserve the right to any of the respective parties' exhibits, to offer rebuttal exhibits for impeachment purposes and to supplement their exhibit list prior to trial.

13.    **TRIAL TO JURY:**

Stipulations of Fact and Law:

a)      That at all times mentioned in plaintiff's complaint, all defendants were police officers in New Haven Department of Police Services.

b)      That at all times mentioned in plaintiff's complaint, the individual

defendants were acting under color of law.

**14.    ANTICIPATED EVIDENTIARY PROBLEMS:**

None.  The parties will exchange exhibit notebooks prior to trial.  The parties will

exchange lists of exhibits to which they do not object to full admission into evidence by

the trial date.

**15.    PROPOSED VOIR DIRE QUESTIONS:**

The defendants attach their Proposed Voir Dire Questions to this Memorandum.

**16.    PROPOSED JURY INSTRUCTIONS:**

The defendants' Proposed Jury Instructions will be provided to the plaintiff before

jury selection.

THE DEFENDANTS

By:/s/_____
Jonathan H. Beamon
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th floor
New Haven, CT  06510
(203) 946-7958
Federal Bar No. #ct22937
E-Mail: jbeamon@newhavenct.net

## C E R T I F I C A T I O N

      I hereby certify that a copy of the foregoing Trial Memorandum was mailed on June 22, 2006 to the following counsel of record, to wit:

John R. Williams, Esq.
51 Elm Street, Suite 409
New Haven, CT  06510

 

                                                    _____

                                                    Jonathan H. Beamon
                                                    Assistant Corporation Counsel

(2)    **Proposed Voir Dire Questions**

I.    **<u>SUBMITTED BY THE DEFENDANTS</u>**


2.  It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendants intended the actions which resulted in the violation of the plaintiff's rights or if the defendants acted in reckless disregard of the plaintiff's rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [<u>Merriwether v. Coughlin</u>, 879 F.2d 1037 (2d Cir. 1989); <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1164 (1st Cir. 1989); <u>Stengel v. Belcher</u>, 522 F.2d 438 (6th Cir. 1975); <u>Gregory v. City of Rogers</u>, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); <u>Wood v. Ostrander</u>, 879 F.2d 583 (9th Cir. 1989); <u>Caballero v. City of Concord</u>, 956 F.2d 204 (9th Cir. 1992); <u>Presnick v. Santoro</u>, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

3.  The testimony of a police officer is entitled to no special or exclusive sanctity. An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, <u>CONN. JURY INSTRUCTIONS</u>, (2d Ed.) §667.]

4.  If you find that the defendants violated the plaintiff's right to be free from unreasonable force, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages.  Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendants.  Among the elements of injury and harm for which compensation may be awarded are:

a)  The physical harm to the plaintiff during and after the impairment or injury received;

b)  The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

c)  Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

**A.**

1.      The plaintiff's federal claims are brought under a section of the federal law, 42 U.S.C. §1983, known as the Civil Rights Act.  This statute, which I will refer to as "Section 1983" allows lawsuits to be brought for money damages when a person, acting under the color of state law, deprives another person or corporation, of constitutional or federal rights.  Specifically, Section 1983 provides that:

> Every person who, under color of any statute…of any State…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish his claims under Section 1983, the plaintiff must prove the following three elements by a preponderance of the evidence:

(1)      that the defendants acted under color of state law;

(2)      that the conduct of the defendants deprived him of a right secured by the Constitution of the United States; and

(3)      that the actions of the defendants were the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut state law.  Both sides agree that, on the day of the incident,

the defendants were acting in their capacity as clerks in the New Haven Department of Police Service, and therefore, they were acting under color of state law. Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that the defendants deprived him of a constitutional right, and that the conduct of the defendants proximately caused his injuries and damages. In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights in order for you to find for the plaintiff. The plaintiff is entitled to relief if the defendants intended to perform the actions which resulted in a violation of his rights. They are also entitled to relief if the defendants acted with a reckless disregard of his rights. Reckless disregard of the plaintiff's rights means not caring whether or not those rights were being violated. However, if the defendants acted negligently, mistakenly, or inadvertently, then they cannot be said to have violated his rights. Thus, if you determine that the defendants acted negligently, mistakenly, or inadvertently, even if you find that the plaintiff was injured as a result of those actions, you must find for the defendants.

**Authority:**

> Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3; Schwartz and Pratt.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.

Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).

Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and 3-5; Schwartz and Pratt.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.

Brower v. County of Inyo, 489 U.S. 593, 596 (1989).

This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

2.      Now I have just explained to you the specific allegations the plaintiff is making with respect to their federal claim under Section 1983.  In order to prevail on these federal claims, the plaintiff must also prove that the conduct of the defendants was the proximate cause of the injuries he claims he suffered.  The term "proximate cause" means the cause or act which, as a natural consequence, produces the injury or damage, and without which, the injury or damage would not have occurred.  In other words, the conduct of the defendants must have been a substantial factor in producing the injuries to the plaintiff.  This does not mean, however, that the law recognizes only one proximate

cause of an injury or damages.  On the contrary, many factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or damage.  In such a case, each may be a proximate cause.

**Authority:**

 This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

 3. I have now completed my instructions to you on the elements of plaintiff's Section 1983 claims.  If you find that the plaintiff has proved the elements of their Section 1983 claims against the defendants you must proceed to consider whether the defendants are entitled to what the law calls "qualified immunity" for each claim that the plaintiffs have proved.  The defendants have alleged such an affirmative defense to the plaintiff's claims.   Under qualified immunity, the issue is not the correctness of the defendants' conduct, but rather the objective reasonableness of their chosen course of action given the circumstances confronting them at the scene.

 The defendants have the burden of demonstrating that their conduct did not violate clearly established federal law.  The fact that the defendants acted with subjective good faith does not entitle the defendant to the protection of qualified immunity.   The defendants are entitled is entitled to immunity only if a reasonable public official in

defendants' position would not have been expected at the time to know that his/her conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of his/her conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendants or not known to them at the time of the incident in question, and the events that confronted them.

Thus, you must ask yourself what a reasonable clerk in the particular situation of the defendants would have believed about the legality of their conduct. As I stated earlier, you should not, however, consider the defendants' subjective good faith or bad faith. If you find that a reasonable clerk in the defendants' situation would have believed that their conduct was lawful, then the defendants are protected from liability by qualified immunity.

To summarize, if the defendants convince you by a preponderance of the evidence that their conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for the defendants on that claim. This is so even though you may have previously found that the defendants in fact violated a plaintiff's federally protected right. If you find that the defendants have not proved entitlement to

qualified immunity on a particular claim, then you should proceed to consider the issue of damages on the federal law claim.

I again caution you that a constitutional violation such as that alleged by the plaintiff does not occur where the defendants' actions, even though in error, were due to negligence.

**Authority:**

Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 17.02.1, pp 17-5, 17-6 and 17-7; Schwartz and Pratt.

Lennon v. Miller, 66 F. 3d 416, 421 (2d Cir. 1995).

Harlow v. Fitzgerald, 457 U.S. 800 (1982).

4.    If you find that the defendants are liable to the plaintiff based on the federal Section 1983 claims or on the state-law claim, then you shall consider the issue of damages.  The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded.  This is a determination which is left entirely to you, the jury.  I am instructing you on the principles governing damage awards so that, in the event you should find the defendants liable, you will know on what basis to consider any award of damages.

You may only award damages as are justified by the pleadings and the proof. That is, the plaintiff must prove to you by a preponderance of the evidence the nature and extent of his damages. And, you shall award damages only for those injuries which you find that the plaintiff has proven were the direct result of the defendants' conduct.

There are two kinds of damages that you may consider – compensatory and punitive damages.

A.    Compensatory Damages

Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a person for harm proximately caused by another's conduct. With respect to the plaintiffs, compensatory damages may be awarded for any physical injury and emotional harm that they suffered during and after the events at issue in this case, including: money actually spent or debts incurred as a result of the injury; lost earnings; pain and suffering, emotional distress, humiliation, injury to one's reputation, embarrassment, fear, anxiety and/or anguish that you find the plaintiffs have suffered or that you find the plaintiffs will, with reasonably certainty, suffer in the future.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiffs insofar as money will compensate them for the damages that they have sustained. Determining damages in a case of this sort involves a certain

degree of estimation.    Often, certain types of damages cannot be proven with mathematical certainty.    You have to apply sound judgment and common sense in reaching he proper amount of damages.    However, there must be evidence to establish damages with at least a reasonable degree of certainty.    You are not to guess or speculate what the damages were.    You must use you best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of damages to which he is entitled.

    B.    Avoiding Duplicative Damages

    Because this case involves multiple claims under federal and state law, I would caution you that the plaintiff may be compensated only once for an injury.    You should not award compensatory damages more than once for the same injury, even though the injury may have been caused by a violation of different rights.    In other words, for example, if you find that the plaintiff's claims for a federal law violation and a state law violation both provide theories for compensating one distinct injury, that plaintiff is only entitled to recover once for that injury.    For example, if a plaintiff were to prevail on both of his or her claims and establish that he or she suffered a $50 injury, you could not award him $50 in compensatory damages per claim – for a total of $100.    Rather, you would only award him a $50 total.    With respect to compensatory damages, the plaintiff

is only entitled to be made whole again, not recover more than they have lost.  Of course, if a plaintiff proves liability on more than one claim and different injuries are attributed to different claims, then you must compensate him or her fully for all of his or her injuries.

      C.    Nominal Damages

If you find that the defendants violated the plaintiff's constitutional rights, but you do not find that he suffered actual injury or loss by virtue of their constitutional rights having been violated by the defendants, then the plaintiff is entitled to nominal damages for that loss.  Nominal damages, however, are generally set in the amount of $1.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation.  Therefore, if you find that the plaintiff has suffered no damages as a result of the conduct of the defendants other than the fact of a constitutional deprivation, then you must award nominal damages of $1.00.  I caution you, however, not to consider the award of $1.00 as trivial.

      D.    Punitive Damages

I advised you earlier that there are two kinds of damages.  The second is known as punitive damages.  Punitive damages are available to the plaintiff for their federal

claim.  If you find that the defendants are liable on the plaintiff's federal Section 1983 claim, you will be asked whether punitive damages are warranted.

[Punitive Damages – Federal Civil Rights Violations]

Before you can award punitive damages, you must first have decided to award the plaintiffs compensatory or nominal damages for the plaintiffs' federal civil rights claims. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful conduct.  In deciding whether to award punitive damages, you should consider whether you find that the defendants engaged in any of the following conduct:

1.    Willful or malicious violation of the plaintiff's constitutional rights;

2.    An intentional act by the defendants in gross disregard of the plaintiff's rights; or

3.    Reckless disregard by the defendants of whether they were violating the plaintiff's rights.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory or

nominal damages on the federal civil rights action. You must also bear in mind that the law requires that punitive damages, if awarded, must be awarded with calm discretion and sound reason.  They must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case.

If you decide that the plaintiff is entitled to punitive damages on their state-law claim, the court will determine the amount of damages in a separate proceeding.  So, on the verdict sheet that you will be given, you will only be asked whether or not to award punitive damages on these claims.

**Authority:**

This is essentially the same instruction given by the Hon. William K. Garfinkel,

Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

**(10)    OBJECTIONS TO PROPOSED JURY INSTRUCTIONS:**

The defendant objects to the plaintiff's proposed jury instruction #9:

"9.    Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement

is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.   [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]"

The **Fernandez** case cited above stands for the proposition that a jury instruction regarding a "consciousness of guilt" is unnecessary if a jury is instructed on its role in weighing the credibility of evidence.  In the instant case, such an instruction is also unnecessary.

The defendants object to the proposed jury instruction #10:

10.  If you find that a defendant not only made a false statement or explanation tending to show his innocence, but has made that statement to a law enforcement officer,

then you may consider that to be evidence not only of the defendant's consciousness of his own wrongdoing but independent evidence that in fact he did violate the plaintiff' rights in the manner alleged in the Complaint.  False exculpatory statements made to law enforcement officials are circumstantial evidence and have independent probative force. In other words, if you find that a defendant has knowingly made a false statement to a law enforcement officer, which if true would have tended to establish the innocence of the defendant, you may consider that false statement as independent evidence that the defendant actually committed the constitutional violation alleged in the Complaint. [United States v. Durrani , 835 F.2d 410, 424 (2d Cir. 1987).]

**The underlying facts in the case do not suggest that any defendant made a false statement to a law enforcement officer.  Further, the Durrani case is only part of the proposed instruction.  The plaintiff has not cited any authority to support the rest of the proposed jury instruction.**

THE PLAINTIFF


BY:_____
         JOHN R. WILLIAMS (ct00215)
         51 Elm Street
         New Haven, CT 06510
         203/562-9931
         FAX:  203/776-9494
         E-Mail: jrw@johnrwilliams.com
         His Attorney


THE DEFENDANTS


BY:_____
         JONATHAN H. BEAMON (ct22937)
         Assistant Corporation Counsel
         165 Church Street, 4th Floor
         New Haven, CT 06510
         203.946.7966
         Fax: 203.946.7942
         E-Mail: jbeamon@newhavenct.net
         Their Attorney
**BY WAY OF AFFIRMATIVE DEFENSE**

**FIRST AFFIRMATIVE DEFENSE:**

At all relevant times, Officers Howell and Dalton, Sergeant Epps and Lieutenant Minardi were government employees whose actions were discretionary, and additionally, one or both of the following would apply:

(a)    the officers' actions did not violate any of the plaintiff's clearly established rights under the constitution and laws of the United States;

(b)    it was objectively reasonable for the officers to believe that their actions were lawful.

The officers are entitled to qualified immunity from suit for the actions alleged.

**B.    SECOND AFFIRMATIVE DEFENSE:**

Officers Howell and Dalton, Sergeant Epps and Lieutenant Minardi assert their common law and statutory immunities from liability for the actions alleged to have violated the laws of the State of Connecticut.

**THIRD AFFIRMATIVE DEFENSE:**

As to plaintiffs' state law claims, if the plaintiffs suffered any injuries, said injuries are proximately caused by their own actions and/or negligence.

**FOURTH AFFIRMATIVE DEFENSE:**

This court lacks jurisdiction over the plaintiffs' claims that the Constitution and laws of the State of Connecticut were violated or, in the alternative, should decline to exercise jurisdiction over those claims.

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*