UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DONNA LATHROP, suing individually and as the mother and next friend of her minor son, OSBORNE ALONZO TATE, JR.** : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> **J.E. HOWELL, OFFICER DALTON, SERGEANT EPPS & LIEUTENANT MINARDI** : <br>     Defendants. : | <br><br><br><br><br>CIVIL NO. 3:02-CV-01473 (EBB)<br><br><br><br><br>DECEMBER 8, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
RE: OTHER MISCONDUCT**

The defendants move the Court, *in limine*, to bar any evidence of, and prohibit any reference to, alleged "other misconduct" by the defendants or any defense witness who is a police officer. This memorandum of law is submitted in support of the defendants' motion.

**ARGUMENT:**

    1.    <u>Evidence Of, Or Reference to, Allegations Of Other Misconduct Should Be Barred Because Such Evidence Is Generally Inadmissible And Highly Prejudicial</u>.

The defendants believe that the plaintiffs may attempt to elicit testimony at trial regarding alleged "other misconduct" by police officers. Allegations of "other misconduct" are generally not admissible under Rule 404 of the Federal Rules of Evidence. Evidence of "other crimes, wrongs or acts" is not admissible under Rule

404(b) to prove character or propensity. Fed. R. Evid. 404(b). "Other misconduct" is admissible only if it is clearly probative of one of the other matters listed in Rule 404(b) and its probative value outweighs its prejudicial effect. See <u>Ricketts v. City of Hartford</u>, 74 F.3d 1397 (2nd Cir. 1996) (holding trial court did not abuse its discretion in precluding inquiry into prior citizen's complaint against defendant that alleged conduct that was not substantially identical to the conduct at issue); <u>Berkovich v. Hicks.</u> 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding evidence of prior civilian complaints properly excluded where officer was exonerated on six of seven complaints and complaints did not show *modus operandi* claimed).

Any reference before the jury to irrelevant allegations of "other misconduct" would be severely prejudicial to the defendants. The defendants submit that, at minimum, the plaintiffs should be required to seek the Court's permission out of the hearing of the jury prior to making any reference to alleged "other misconduct."

**<u>CONCLUSION</u>:**

For all the foregoing reasons the defendant's Motion in Limine should be granted in its entirety.

THE DEFENDANTS

/s/:_____
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510
Tel #: (203) 946-7970
Fax #: (203) 946-7942
E-mail: mwolak@newhavenct.net
Fed. Bar #ct12681
Their Attorney

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was either electronically delivered and/or mailed, postage prepaid, on December 8, 2006, to the following counsel of record:

John R. Williams, Esq.
John R. Williams and Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

E-mail: jrw@johnwilliams.com

/s/_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D026\P002\00008290.DOC