UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DONNA LATHROP, suing individually and as the mother and next friend of her minor son, OSBORNE ALONZO TATE, JR.** : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> **J.E. HOWELL, OFFICER DALTON, SERGEANT EPPS & LIEUTENANT MINARDI** : <br> Defendants. : | <br><br><br><br><br>CIVIL NO. 3:02-CV-01473 (EBB)<br><br><br><br><br>DECEMBER 8, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE RE: IMPROPER REFERENCE TO
"BLUE WALL OF SILENCE" OR OTHER SIMILAR REFERENCE
DURING CLOSING ARGUMENT**

In the instant matter four former police officers will be testifying concerning the events set forth in plaintiffs' Complaint. Undersigned counsel believes, based on a recently concluded trial involving the same law firm representing the plaintiffs in this case, that there may be an attempt to interject into the closing argument such phrases as the "Blue Wall of Silence" or the "Blue Code of Silence", or similar phraseology. Such argument would be an improper attack on the veracity of the defendants who will be testifying at trial. Such argument would be prejudicial, and could deprive the defendant of a fair trial.

**ARGUMENT**

The right to trial by an impartial jury which decides the case on the basis of the evidence submitted at trial is paramount in our system of justice." Housden v. United States, 517 F.2d 69, 70 (4th Cir. 1975). A jury's verdict "must be based on the evidence

1

developed at the trial," Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961); and " 'a jury capable and willing to decide the case solely on the evidence before it'" is "[o]ne touchstone of a fair trial." (Citations omitted). McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 554, 104 S.Ct. 845, 849, 78 L.Ed.2d 663 (1984).

"The trial court is vested with broad discretion over the latitude of statements of counsel during argument." Naughton v. Hager, 29 Conn. App. 181, 188, 614 A.2d 852 (1992). "'While the privilege of counsel in addressing the jury should not be too closely narrowed or unduly hampered, it must never be used as a license to state, or to comment upon, or to suggest an inference from, facts not in evidence.'" (Citation omitted). State v. Santello, 120 Conn. 486, 494, 181 A. 335 (1935). "The sole purpose of closing argument is to assist the jury in analyzing the evidence," United States v. Iglesias, 915 F.2d 1524, 1529 (11th Cir. 1990), reh'g denied, 923 F.2d 867 (11th Cir. 1991); by allowing the attorneys to "state the contentions of the party on the law and the facts." Tashjian v. Boston & Me, R.R., 80 F2d 320, 321 (1st Cir. 1935). While courts generally give considerable leeway to attorneys regarding the content of their closing arguments, see Commercial Credit Equip. Corp. v. L&A Contracting Co., 549 F.2d 979, 981, reh'g denied, 553 F.2d 100 (5th Cir. 1977); there are, of course, limits to what the attorneys may argue. Simply put, a closing argument "must be a fair presentation of a party's case and claims from [its] point of view; [and] must be confined to the evidence and must not appeal to passion or prejudice or sympathy in an unfair way." Tashjian, 80 F.2d at 321.

Counsel may not express his or her own beliefs regarding the honesty of the opposing party's witnesses. Lenard v. Argento, 699 F.2d 874, 897 (7th Cir. 1983), cert.

denied, 464 U.S. 815, 104 S.Ct. 69, 78 L.Ed. 2d 84; see also James v. Tilghman, 194 F.R.D. 408, 426 (D. Conn 1999)  Disparaging attacks on witnesses without evidence of deliberate misconduct are inappropriate and prejudicial.  See Draper v. Airco, Inc., 580 F.2d 91, 96 (3d Cir. 1978).  Closing argument should not introduce extraneous matters before a jury or, by remarks bring before it unrelated subjects.  See City of Cleveland v. Peter Kiewit Sons Co., 624 F.2d 749, 756 (6th Cir. 1980).

The only purpose for the use of phrases such as "Blue Wall of Silence" or "Blue Code of Silence," or similar phraseology, would  be an unsubstantiated attack on the veracity of police officers in general, and the veracity of the defendants testifying in this case in particular.  Curative instructions are not always availing to counteract such improper argument because the "odoriferous taint" cannot be erased.  See Commercial Credit Business Loans, Inc. v. Martin, 590 F.Supp. 328, 335 (E.D. Pa. 1984).  Once such comments are made during closing argument, a judge would be faced with the difficult task of repairing damage from such comments, while at the same time avoiding further damage.  See United States v. Blakey, 14 F.3d 1557, 1560 (11th Cir. 1994).

**CONCLUSION**

For all the foregoing reasons the defendant's Motion in Limine should be granted in its entirety.

THE DEFENDANTS

/s/:_____
Michael A. Wolak, III
Assistant Corporation Counsel
Fed. Bar #ct12681
City of New Haven
165 Church Street
New Haven, CT  06510
Telephone:  (203) 946-7970
Facsimile:  (203) 946-7942
Email: mwolak@newhavenct.net
Their Attorney

## **CERTIFICATION**

This is to certify that a copy of the foregoing was either delivered electronically and/or mailed, postage prepaid, on the December 8, 2006 to the following counsel of record:

John R. Williams, Esq.
John R. Williams and Associates, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

E-mail:  jrw@johnrwilliams.com

/s/:_____
Michael A. Wolak, III