# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DONNA LATHROP, suing individually and** | : | |
| **as the mother and next friend of her minor** | : | |
| **son, OSBORNE ALONZO TATE, JR.** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL NO.** |
| **v.** | : | **3:02-CV-01473 (EBB)** |
| | : | |
| **J.E. HOWELL, OFFICER DALTON,** | : | |
| **SERGEANT EPPS & LIEUTENANT** | : | |
| **MINARDI** | : | |
| **Defendants.** | : | **DECEMBER 15, 2006** |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### I.

The plaintiff's federal law claims are brought under a section of the federal law, 42 U.S.C. §1983, known as the Civil Rights Act.  This statute, which I will refer to as "Section 1983" allows lawsuits to be brought for money damages when a person, acting under the color of state law, deprives another person or corporation, of constitutional or federal rights.  It provides a legal basis for a person whose federal rights have been violated by a state or local official to sue the official for money damages.  Specifically, Section 1983 provides that:

> Every person who, under color of any statute…of any State…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish his claim under Section 1983, the plaintiff must prove the following three elements by a preponderance of the evidence:

(1)     that the defendants acted under color of state law;

(2)    that the conduct of the defendant you are considering deprived him of a right secured by the Constitution of the United States; and

(3)    that the actions of the defendant you are considering was the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut State law.  Both sides agree that, on the day of the incident, the defendants were acting in their capacity as members of the New Haven Police Department, and therefore, they were acting under color of state law.  Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that the particular defendant that you are considering deprived him of a constitutional right, and that the conduct of this defendant proximately caused his injuries and damages.  In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that any of the defendants had any specific intent to deprive the plaintiff of a constitutional right in order for you to find for the plaintiff. Mr. Tate is entitled to relief if either defendant Howell or defendant Dalton or defendant Epps or defendant Minardi intended to perform the actions that resulted in a violation of his rights.  He is also entitled to relief if any of the defendants, acted with a reckless disregard of his rights.  Reckless disregard of a plaintiff's rights means not caring whether or not those rights were being violated. However, if a defendant acted negligently, mistakenly, or inadvertently, then he cannot be said to have violated a plaintiff's rights.  Thus, if you determine that a

defendant acted negligently, mistakenly, or inadvertently, even if you find that the plaintiff was injured as a result of those actions, you must find for that defendant.

**Authority:**

Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3; Schwartz and Pratt.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.

Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).

Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and 3-5; Schwartz and Pratt.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.

Connecticut jury Instructions (civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.

Brower v. County of Inyo, 489 U.S. 593, 596 (1989).

Adapted from the instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

## II.

Plaintiff claims that his Fourth Amendment right to be free from an unlawful arrest, was violated when he was taken into custody allegedly without probable cause.  In general, the Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  Typically, an officer may make an arrest without a warrant if the arrest is based on probable cause, which simply means "a reasonable ground for belief."  Probable cause exists when, at the time of the incident, all the facts and circumstances known to the officer, or of which he had

reasonably reliable information, are sufficient to permit a reasonable police officer to believe that the person taken into custody had committed, or was committing, an offense under state or federal law.  A police officer does not need to be certain of a person's guilt nor does he need to have proof beyond a reasonable doubt.  Also, the facts known to the officer need not be enough to convict the person arrested.  But the officer must have more than a hunch, guess, conjecture, or suspicion.  The plaintiff  has the burden of establishing by a preponderance of the evidence that he was taken into custody without probable cause.  If probable cause existed for the arrest, then the plaintiff was not subjected to an unreasonable seizure.

In order for you to determine whether there was probable cause to arrest the plaintiff for the charge made against him, I shall instruct you as to the elements of the offense that the plaintiff was initially charged with committing when he was taken into custody.

Plaintiff was taken into custody based upon the alleged violation of a Connecticut criminal statute, this being interfering with an officer (Section 53a-167a of the Connecticut General Statutes).  This statute, in pertinent part, provides as follows:

"(a) A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers any peace officer or fireman in the performance of his duties"

I instruct you that if there was probable cause to arrest the plaintiff on the charge of interfering with an officer, then the plaintiff was not unlawfully taken into

custody, and your verdict must be in favor of the defendants on plaintiff's Section

1983 claim for false arrest.

**Authority:**

> Section 1983 Litigation Jury Instructions, Vol. 4, Instruction 8.01.1, pp. 8-5,
> 8-6 and 8-7, Instruction 8.01.3, pp 8-12 and 8-13; Schwartz and Pratt.
>
> Baker v. McCollan, 443 U.S. 137, 145 (1979).
>
> Smith v. Gonzalez, 670 F. 2d 522 (5th Cir.), cert denied, 459 U.S. 10055
> (1982).
>
> This is in essence a portion of the instruction given by the Hon. William I.
> Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio,, Civil Action
> No. 3:98cv678 (WIG), United States District Court, District of Connecticut.

**I**

## III.

Plaintiff claims that the defendants violated his Fourth Amendment right

not be subjected to unreasonable force.  Under the Fourth Amendment, a police

officer may use reasonable force in an investigatory stop or arrest, but the Fourth

Amendment prohibits the use of unreasonable force.

You first must determine whether any of the defendants committed any of

the acts alleged.

To determine whether a defendant's acts caused the plaintiff to suffer the

loss of a constitutional right, you must determine whether the amount of force

used was that which a reasonable officer would have employed under similar

circumstances.  The reasonableness inquiry is an objective one.  The test is not

whether a defendant thought his use of force was reasonable, but rather it is an

objective standard: would a reasonably competent police officer consider the use

of such amount of force was used?  Applying this standard requires careful attention to the facts and circumstances of the case.

The issue is whether the officer's action was objectively reasonable in light of the facts and circumstances confronting him, regardless of his subjective intent.  The concept of reasonableness makes allowances for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight.  In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be in this case including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the defendants or others, and whether the plaintiff was actively resisting arrest at the time the alleged unreasonable force was applied.  I further caution you that not every push, pull, or shove, even if it may later seem unnecessary in the peace of this courtroom, violates the Constitution.

If you find that a defendant's use of force was unreasonable; your verdict on this claim must be for the plaintiff and against that defendant.  If you find that a defendant's use of force was reasonable; you must return a verdict for that defendant on this claim.

**Authority:**

Adapted from the instruction given by the Hon. Donna F. Martinez, Magistrate Judge, in <u>Mathog v. Reyes</u>, Civil Action No. 3:03cv1452 (DFM),

which was itself adapted from 5 L. Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instruction 87-74C (2005); <u>Graham v. O'Connor</u>, 490 U.S. 386, 393-396 (1989); 4 Schwartz and Pratt, Section 1983 Litigation Jury Instructions, § 7.01 (2004 Supp.)

Additional adaptation from the instruction given by the Hon. Gerald L. Goettel, Senior Judge, in <u>Ingram v. Lawlor</u>, Civil Action No. 3:98cv1738 (GLG).

## <u>IV.</u>

The plaintiff in this case asserts that each of the defendants failed to intercede on plaintiff's behalf when he was being subjected to the use of excessive force and/or false arrest by another of the defendants. Thus, as a predicate to considering this claim against the defendants, you must have previously concluded that the plaintiff's right to be free from excessive force and/or false arrest had been violated.

A law enforcement officer has an affirmative duty to intervene on behalf of a citizen whose constitutional rights are being violated by in his presence by another officer. However, the officer cannot be found liable for a failure to intervene unless he had a realistic opportunity to prevent the violation. Thus, in order to be held liable for a failure to intervene, the plaintiff must prove, first, that the other defendant officer knew that plaintiff's right was being violated <u>and</u> second, that the defendant officer who the plaintiff claims failed to intervene was in such a position that he realistically had sufficient time and opportunity to intervene. The episode must have been of sufficient duration to support a conclusion that an officer who stood by without trying to assist the victim became a tacit collaborator. While a police officer is not a guarantor of a citizen's safety against the use of excessive force and/or false arrest by another police officer, he

can be found liable for deliberately choosing not to make a reasonable attempt to stop that other police officer.

**Authority:**

> Adapted from the instruction given by the Hon. Alvin W. Thompson in Handy v. Emery, Civil Action No. 3:97cv108 (AWT)

> O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988).

## V.

Plaintiff Osborne Alonzo Tate, Jr. in this action is seeking to recover damages against the defendants for having been prosecuted for the offense of interfering with an officer (Section 53a-167a of the Connecticut General Statutes). This plaintiff is asserting a cause of action which in law is known as a malicious prosecution. I shall first state broadly the elements of the cause of action which the plaintiffs must prove in order to recover and later discuss them in some detail. In substance, they must prove that the defendants, or any of them, instigated the criminal proceedings, that it was done without probable cause and that it was done with malice. Additionally, where the plaintiff has brought a claim pursuant to Section 1983, as was done here, he must prove that he suffered a significant deprivation of liberty.

With respect to the first element that the plaintiff must prove, there is no dispute that the plaintiff was arrested.

The second element of the case that the plaintiff must prove is that he was arrested without probable cause. When we speak of probable cause in this connection we mean that the defendant you are considering had knowledge of

facts which would be sufficient to justify a reasonable man in believing that there were reasonable grounds for instituting the criminal proceeding.  You see it would not be enough if you should find that the defendant himself believed, no matter how sincerely, that he had such grounds.  The question is: would a reasonable person, situated as a defendant, under the circumstances then existing, believe that there were reasonable grounds for the proceedings? Certainly mere conjecture or suspicion would not satisfy the requirement of reasonable grounds.  In judging the defendant's conduct you are to consider only the facts and circumstances which existed at the very time the proceedings were instituted.  Facts subsequently occurring or information subsequently acquired are to be disregarded by you.  The burden to prove that a defendant acted without probable cause rests on the plaintiff.  This may seem to you to cast upon them something in the nature of an obligation to prove a negative; but the law is so that he cannot recover unless, upon all the evidence, you find it proven that the defendant you are considering acted without probable cause.  In this context you must remember that even if the charges were ultimately resolved in favor of the plaintiff that is not evidence that a particular defendant lacked probable cause when the prosecution was commenced.

With respect to the third element, to show malice, plaintiff must show that the criminal prosecution was initiated for a purpose other than to secure a conviction of a guilty person, or that it was initiated out of ill will or reckless disregard for the rights of the accused.  A prosecution is initiated with reckless disregard for the rights of the accused when it is initiated without any reasonable

belief that the accused has actually committed the offense for which he or she is charged.  If you find that a particular defendant did not have probable cause to believe that the plaintiffs committed the crimes for which they were charged, you may, but are not required, to infer that that defendant acted maliciously. Remember, however, that lack of probable cause does not establish malice, but if, in view of all the circumstances and in light of all the evidence, you conclude that it is reasonable to make that inference, it is your right to do so.  You cannot, however, bring in a verdict for the plaintiff unless you find a particular defendant acted with malice from all the evidence in the case, including such reasonable inferences as you may draw from a conclusion, if you make such a conclusion, that he acted without probable cause.

Lastly, the plaintiff has testified that he was taken into custody after his arrest and that he had to make various court appearances between the time of their arrest and the time that the criminal action against them was ultimately resolved, and that this amounted to a deprivation of their liberty.  While you may consider the requirement to appear in court as being a restriction on liberty, it is still the plaintiffs' burden to show that they suffered a significant deprivation of liberty.

You may return a verdict for the plaintiff only if you find that he has satisfied all four elements of this claim.  If he has failed to satisfy any element of this claim, then your verdict must be in favor of the particular defendant that you are considering.

**Authority:**

Connecticut Jury Instructions (Civil),, Fourth Edition, Section 490, pp. 746-750; Wright and Ankerman.

Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 8.03.1, pp. 8-97 and 8-98; Schwartz and Pratt.

Cosgrove Development co., Inc. v. Cafferty, 179 Conn. 670 (1980).

Thompson v. Beacon Valley Rubber Co., 56 Conn. 493, 498 (1888).

Zitkov v. Zaleski, 102 Conn. 439, 446 (1926).

See v. Gosselin, 133 Conn. 158, 160 (1946)

Murphy v. Lynn, 118 F. 3d 938 (2d Cir. 1997), cert denied, 118 S. Ct. 105 (1998).

## VI.

There are four defendants in this action.  Each defendant is being sued individually.  While the evidence may in whole or in part be relevant and material to the question of more than one defendant's liability, you must decide the case against each named defendant separately and you must not let your decisions on claims against one defendant affect your decisions concerning another.

**Authority:**

Devitt, Blackmar and Wolff, 3 Federal Jury Practice and Instructions § 71.06 (4th ed. 1987).

## VII.

Now I have just explained to you the specific allegations the plaintiff is making with respect to his federal claim under Section 1983.  In order to prevail

on his claims of unlawful arrest, unreasonable force, failure to intervene and malicious prosecution, the plaintiff must also prove that the conduct of the particular defendant that you are considering was the proximate cause of the injuries he claims to have suffered.  The term "proximate cause" means the cause or act which, as a natural consequence, produces the injury or damage, and without which, the injury or damage would not have occurred.  In other words, the conduct of the particular defendant that you are considering must have been a substantial factor in producing the injuries claimed by the plaintiff. This does not mean, however, that the law recognizes only one proximate cause of an injury or damages.  On the contrary, many factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or damage.  In such a case, each may be a proximate cause.

**Authority:**

> Adapted from the instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

> The plaintiff has also made claims based on Connecticut law that I

will now discuss with you.

**VIII.**

The first state law claim brought by the plaintiff against the defendants is for what is known as "intentional infliction of emotional distress."  To prevail on this claim, the plaintiff must prove by a preponderance of the evidence:

(1) that the particular defendant you are considering intended to inflict emotional distress or that he knew or should have known that emotional distress was a likely result of his conduct;

(2) that the conduct of the particular defendant you are considering was extreme and outrageous;

(3) that the conduct of the conduct of the particular defendant you are considering was the cause of the plaintiff's distress; and

(4) that the emotional distress sustained by the plaintiff was severe.

While analyzing the evidence that has been presented with respect to this claim, you must be ever mindful that liability for intentional infliction of emotional distress requires that you find that the conduct of the particular defendant that you are considering exceeded all bounds usually tolerated by decent society, and was of a nature that was especially calculated to cause, and did cause, mental distress of a very serious kind. Thus, it is the intent to cause injury that is the material or significant element of this cause of action. Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice to support a claim for intentional infliction of emotional distress. You, the jury, must draw a line between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility. Therefore, you can only find for the plaintiff on this claim against a defendant if you find by a preponderance of the evidence that the conduct of the particular defendant that you are considering was so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, such that it would be regarded as atrocious, and utterly intolerable in a civilized community.

**Authority:**

Peytan v. Ellis, 200 Conn. 243, 253 (1986)

DeLaurentis v. New Haven, 220 Conn. 225, 267 (1991)

Brown v. Ellis, 40 Con. Sup. 165, 166 (1984)

Whelan v. Whelan, 41 Conn. Sup. 519, 522-23 (1991)

Adapted from the the instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

## IX.

The second state law claim by the plaintiff is for the negligent infliction of emotional distress.  In order for the plaintiff to prevail on this claim he must prove by a preponderance of the evidence the conduct of the particular defendant that you are considering created an unreasonable risk of causing the plaintiff emotional distress, that the plaintiff's distress was foreseeable, that the emotional distress was severe enough that it might result in illness or bodily harm, and, finally, that conduct of the particular defendant that you are considering was the cause of the plaintiff's distress.  With respect to the foreseeability requirement that the plaintiff must prove, the burden is upon him to prove by a preponderance of the evidence that the particular defendant under consideration should have foreseen that his behavior would likely cause harm of a specific nature, i.e., emotional distress likely to lead to illness or bodily harm.

**Authority:**

Olson v. Bristol-Burlington Health District, 87 Conn. App. 1, 5 (2005)

Carrol v. Allstate Ins. Co., 262 Conn. 433, 446 (2003)

Scanlon v. Connecticut Light & Power Co.,  258 Conn. 436, 446-47 (2001)

**X.**

If you find that the defendants, or any of them, are liable to the plaintiff based on the federal Section 1983 claims or on the state-law claims, then you shall consider the issue of damages.  The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded.  This is a determination which is left entirely to you, the jury.  I am instructing you on the principles governing damage awards so that, in the event you should find one of the defendants, or all of them liable, you will know on what basis to consider any award of damages.

You may only award damages as are justified by the pleadings and the proof.  That is, the plaintiff must prove to you by a preponderance of the evidence the nature and extent of his damages.  And, you shall award damages only for those injuries which you find that the plaintiff has proven were the direct result of the defendants' conduct.

There are two kinds of damages that you may consider – compensatory and punitive damages.

**A.     Compensatory Damages**

Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a person for harm proximately caused by another's conduct. With respect to the plaintiff, compensatory damages may be awarded for any physical injury and emotional harm that he suffered during and after the events at issue in this case, including: money actually spent or debts incurred as a result of the injury; pain and suffering, emotional distress, humiliation, injury to one's reputation, embarrassment, fear, anxiety and/or anguish that you find the plaintiff has suffered or that you find the plaintiff will, with reasonably certainty, suffer in the future.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiff insofar as money will compensate him for the damages that he has sustained. Determining damages in a case of this sort involves a certain degree of estimation. Often, certain types of damages cannot be proven with mathematical certainty. You have to apply sound judgment and common sense in reaching him proper amount of damages. However, there must be evidence to establish damages with at least a reasonable degree of certainty. You are not to guess or speculate what the damages were. You must use you best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of damages to which he is entitled.

### B.    Avoiding Duplicative Damages

Because this case involves multiple claims under federal and state law, I would caution you that a plaintiff may be compensated only once for an injury.

You should not award compensatory damages more than once for the same injury, even though the injury may have been caused by a violation of different rights.  In other words, if you find that one of the claims of a plaintiff for a federal law violation and one of the claims for a state law violation both provide theories for compensating one distinct injury, that plaintiff is only entitled to recover once for that injury.  For example, if a plaintiff were to prevail on both of his or her claims and establish that he or she suffered the same $50 injury in each of the claims, you could not award him or her $50 in compensatory damages per claim – for a total of $100.  Rather, you would only award him or her a $50 total.  With respect to compensatory damages, the plaintiff is only entitled to be made whole again, not recover more than they have lost.  Of course, if a plaintiff proves liability on more than one claim and different injuries are attributed to different claims, then you must compensate that plaintiff fully for all of his or her injuries.

### C.    Nominal Damages

If you find that a defendant violated the plaintiff's constitutional rights, but you do not find that he suffered actual injury or loss by virtue of his constitutional rights having been violated by a defendant, then that plaintiff is entitled to nominal damages only for that loss.  Nominal damages, however, are generally set in the amount of $10.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation.  Therefore, if you find that the plaintiff has suffered no damages as a result of the conduct of a defendant other than the fact of a constitutional deprivation, then you must award

nominal damages of $10.00. I caution you, however, not to consider the award of $10.00 as trivial.

### D.     Punitive Damages

I advised you earlier that there are two kinds of damages. The second is known as punitive damages. Punitive damages are available to the plaintiff on his federal law claims and his state law claim of intentional infliction of emotional distress. If you find that a defendant is liable on a plaintiff's federal Section 1983 claim, you will be asked whether punitive damages are warranted. On the above referenced plaintiff's state-law claim, you also will be asked whether or not to award punitive damages. If you find that punitive damages should be awarded against a defendant on a state-law claim, the amount will be determined in a separate proceeding.

[Punitive Damages – Federal Civil Rights Violations]

Before you can award punitive damages, you must first have decided to award the plaintiff compensatory or nominal damages for the plaintiff's federal civil rights claims against a defendant. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful conduct. In deciding whether to award punitive damages, you should consider whether you find that any of the defendants or all of them, engaged in any of the following conduct:

1.      Willful or malicious violation of a plaintiff's constitutional rights;

2.      An intentional act in gross disregard of a plaintiff's rights; or

3.      Reckless disregard as to whether there was a violation of plaintiff's rights.

[Punitive Damages – State Law]

If you have decided to award the plaintiffs, or either of them, compensatory damages on their state law claim or claims against a defendant, you may also consider awarding punitive damages for the state law claim against that particular defendant.  The standard for awarding punitive damages under state law is distinct from the standard for awarding punitive damages under federal law.

In deciding whether to award punitive damages, you should consider whether you find by a preponderance of the evidence that the particular defendant that you are considering acted maliciously or with reckless indifference to both, or either of the plaintiffs' rights or interests.  An act is done maliciously if it is prompted by a bad motive, such as ill will or spite toward a plaintiff.  An act is done with reckless indifference if a defendant knew or should have known that a plaintiff's rights or interests would be harmed by the act.  Your decision should be based on whether you find that the particular defendant that you are considering acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiff's interests.  Because punitive damages are an exceptional award, granted only in

cases of extreme or outrageous misconduct, any such damages should be awarded only with calm discretion and sound reason.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that a plaintiff is entitled to compensatory or nominal damages on the federal civil rights action. You must also bear in mind that the law requires that punitive damages, if awarded, must be awarded with calm discretion and sound reason.  They must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case.

If you decide that the plaintiff is entitled to punitive damages on their state-law claim, the court will determine the amount of damages in a separate proceeding.  So, on the verdict sheet that you will be given, you will only be asked whether or not to award punitive damages on these claims.

**Authority:**

Adapted from the instruction given by the Hon. William K. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678.

THE DEFENDANTS, JAMES E.
HOWELL, JOHN DALTON, WHITNEY
EPPS AND JOHN MINARDI

BY: /s/ _____

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
Tel:  (203) 946-7970
Fax:  (203) 946-7942
mwolak@newhavenct.net
Fed. Bar #c12681
Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was either electronically delivered and/or mailed, postage prepaid, on December 15, 2006, to the following counsel of record:

John R. Williams, Esq.
Joseph Merly, Esq.
John R. Williams and Associates, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

/s/ _____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D022\P003\00012920.DOC